Beginning with United States v. Garay. Good morning and may it please the court, Michael Tanaka appearing on behalf of Nahach Garay. I'm going to address the standing issue first and then I'll address the merits issue. First, I want to emphasize that the question of standing is at heart a factual question. And district court in this case made a factual finding that Mr. Garay had not abandoned his phone. Because that's a factual question, it should be viewed for clear error. Now, the government has tried to recast this as a legal question based on some of the wording used by the district court in finding standing. But that was phrased as he may have abandoned it. He didn't find that he obviously that he didn't abandon because he found standing. And the questions that the court had asked just prior to make the ruling indicated that he was focused on the factual issues. He asked whether there had been a chase, how long Mr. Garay had been away from the phone. And the answer was mere seconds. So it was clear that the district court made a factual finding. And, of course, there was plenty of evidence to support that. First, there was no physical abandonment. He was away from it for mere seconds. He was leaving a car that had crashed, a very reasonable thing to do. And the government puts great weight in saying that he expressly disavowed ownership of the phone. But that's not quite true. There's a couple declarations in there. The one attached to the reply for the motion to suppress from Officer Rizzardi said that he did not claim ownership, which is vastly different than denying ownership. There is one statement in the search warrant affidavit where he said he denied ownership of the phone. But at most that raises a factual question. And, of course, because the government ---- Do we even have to decide this issue given the Supreme Court's decision in Byrd, which says that this form of standing is not jurisdictional and you can assume it? I'm happy to assume standing, Your Honor. And so my sticking point, I think, in your argument is probably the inventory search. So if you would address that, I'd appreciate it. The inventory search evolved as an exception to the requirement for a warrant because for purposes of community caretaking, safekeeping, preventing false claims against the police, those kinds of administrative things. So what the court's been concerned about is that the police don't use an inventory search as a pretext for conducting a search for evidence. And the way they guard against that is that they make sure that the police follow procedures for an inventory search. Well, they followed procedures, you know, substantially and didn't list every item. But there are cases that hold that the failure to list every item doesn't make an inventory search invalid, at least not without something more. Well, I think there's a whole range of cases, Your Honor. But the salient point is that if you're conducting an inventory search, the purpose is to do an inventory. And if you're not inventorying. Well, they did an inventory. Pardon? Didn't they do an inventory here? I look at that form and I don't see a listing of any items found in the car. The government points to a later file report, a list of evidence, which actually confirms the point that it was a search for evidence, not an inventory search, because the only thing that shows up, of course, are items that could be evidenced against them. Well, in this case, they towed the car, didn't they? Yes, they did, Your Honor. Didn't they have to do an inventory search if they towed the car? They should have done an inventory search. Well, they filled out a form. They got the requisite signatures from the tow truck driver and, you know, followed the basic procedures for doing an inventory when towing a car. And so it seems to me that really what your argument boils down to is that not all the items were listed. But that, you know, the case law seems to be that that alone doesn't invalidate the inventory. Well, it certainly looks like they're doing a search for evidence. Not only, I mean, beyond that. You mean because he fled from police? It was a high-speed chase, right? It was a chase. He crashed. He did flee. They found a lot of incriminating evidence. That's true. But that doesn't turn an inventory search into not an inventory search, does it? No, that's correct, Your Honor. But nonetheless, even if they're doing a valid inventory search, it doesn't permit a seizure of items that aren't evidence or contraband. Nonetheless, you still need, I mean, that lets you get into the car, perhaps, but you still need probable cause. And, you know, no one's contesting that they couldn't take the gun that they found. But a cell phone, that's, you're going to need something beyond just being inside the car to seize that. That's the issue here, whether that seizure was legal. So even accepting that they were authorized to do an inventory search, and, of course, no one's disputing that, it doesn't give them free license to rummage about. They had a warrant to search the contents of the phone. Subsequently. Yeah. And, of course, we've argued. So you're challenging the actual, in the course of the inventory search, they're taking the phone? Yes, yes. You still need probable cause. And, of course, we've challenged the probable cause about the warrant as well. Otherwise, we're saying that any time someone's involved in anything, you can seize their cell phone and then figure out what to do with it later. Everyone has a cell phone, and that's just not the law. You still need some reason to suspect that there's a fair probability that it's going to yield evidence of a crime or be the fruits of a crime itself. Unless it fits within the inventory exception, which does not require probable cause. I think it still does for the seizure, Your Honor. The inventory exception just allows them to inventory the contents. You still need some reason to seize everything. There could be all kinds of things in one's vehicle that you inventory but not seize. Courtney has no further questions. I'll reserve the rest of my time for Obama. You may do that. Good morning, Your Honors, and may it please the Court. My name is Julia Reese, and I represent the United States. Judge Graber, you're exactly right that this Court needn't reach the standing issue in order to affirm the district court's holding, so I want to start with what I believe is the easiest path to affirmance in this case, which is to chart the same course that the district court charted. There are two issues that Mr. Gary's arguments really implicate, which is the propriety of the phone's seizure and then the propriety of the search of its contents, which, as Judge Rotary pointed out, was done pursuant to a search warrant based upon a probable cause finding by not one but two different magistrate judges. So starting with the propriety of the phone's seizure, I just want to point out that in Riley, the Supreme Court said that the defendants there sensibly conceded that the officers in that case could seize and secure cell phones that are discovered during otherwise lawful searches in order to prevent the destruction of evidence on those phones. Now, Mr. Gary would be wise to make the same concession, and so what this court must really address is, were the officers lawfully in the car, and once they were lawfully in the car under Riley and the concession that the Supreme Court deemed sensible, they could seize the phones to secure them to prevent the destruction of evidence while they sought and obtained a warrant. And there are two exceptions that the government has argued applies here that would permit the officers' entry into the car and then permit them to seize the phone. And the first is the inventory search exception, which the district court did find that this was a, quote, legitimate inventory search. Now, it is true that an inventory search must not be a general rummaging to discover incriminating evidence, and it is also true that in many cases compliance with standard procedures, including by creating a written inventory, will ensure that the intrusion into the automobile during the inventory search is limited to the scope necessary to serve the caretaking functions that the inventory search exception is designed to serve. But it doesn't follow from a failure to specifically follow to the T all of the written documentation requirements that an inventory search suddenly was done for an unlawful investigatory purpose and was merely for the purpose of rummaging to discover incriminating evidence. And I think that this Court's cases in Orozco and Johnson on that score are instructive. The core question that this Court has to answer is, does the failure to create a written inventory or does the apparent failure to create a written inventory based on the lack of an inventory form in the record, which it is true that the CHP 180 form that the officers completed doesn't include a list of all of the personal property that was taken from the car. It is substantially completed. They did substantially comply with the local policies for towing and impounding cars, but they did not, in the remarks portion of that phone, identify all of the personal property, much of which was unlawful for the defendant to have, on the inventory form. And so the question is, does the failure to complete that CHP 180 form demonstrate that the search was not a bona fide inventory search? And in Johnson and Orozco, this Court has said that what the defendant must demonstrate to challenge an inventory search under those circumstances is that the search would not have happened but for an unlawful investigatory motive. Your Honors, I would submit that the officers here really had no meaningful alternative to impounding the car and inventorying its contents. It was wrecked in a ditch on the side of the road. If you look at the pictures of the car in the ER at pages 147 and 149, its windows are down. It's accessible to any passerby. The driver was placed under arrest. Both the driver and the passenger disclaimed having been in control of the car, and the registered owner, which was the Washington location of a Hertz rental car company, obviously had no representative present to take the car away. Under those circumstances, I'm not sure what else the officers were supposed to have done besides tow the car from the ditch on the side of the public roadway. And then once they have no alternative but to tow the car, of course, they also need to inventory its contents in order to serve the inventory search exception. They can inventory the contents, which included the phone. I'm sorry, Your Honor? They can inventory the contents, which included the phone. Yes, Your Honor. The argument is that the seizure of the phone was unlawful, presumably that they should have given it back to him. And your response to that is what? I don't think that an inventory necessarily means that the items actually have to stay in the car. Here, as reflected in the agent's affidavit, they actually were booked into evidence slash property at the station, which serves the community caretaking purposes because it makes sure that those items are kept safe. All of the property was then kept at the station? Yes. Yes, Your Honor. And then there was a warrant to search the contents of the phone? Exactly. Yes, Your Honor. And frankly, the idea that the phone could have been returned to the defendant under those circumstances, I mean, he was placed under arrest. So whether it was taken from the car and placed into central booking or given back to the defendant and then taken back from him when he got back to the police station house when he was booked there, either way, the phone would have ended up back in police possession. So clearly the inventory search exception applies. The district court didn't err in that regard. Even if you accepted the defendant's argument that the failure to document on the CHP 180 form all of the items, probable cause existed to search the car. And once probable cause exists to search the car, you can seize items in it that may contain evidence, including, for example, a cell phone. The district court here found that there was no question that officers had the right to search the car for additional evidence. Now, in Mr. Gary's opening brief, he did not challenge that finding by the district court. He's challenged it for the first time in his reply brief. And the way that he's challenged it is not to challenge whether there was probable cause to search the car, but instead to assert that the automobile exception wouldn't have applied to this car at all. Now, he's wrong on that score for three reasons. First, he argues that the government would have had to prove that this particular automobile was mobile. First, the automobile exception is generally applicable to any car that is designed for travel on public roadways. The Supreme Court held in Michigan v. Thomas, which is at 458 U.S. 259, that the justification doesn't vanish just because the car is rendered immobile. And, in fact, the automobile exception applies even if police officers impound a car when it's obviously immobile and obviously inaccessible to any defendant that's been placed under arrest. And so that idea that we would have to prove in an individual case that a car was mobile or accessible to a defendant just doesn't hold water. His argument also ignores the dual justification for the automobile exception by selectively quoting from Carney and focusing solely on the inherent mobility of the automobile exception, which was the original justification for the exception. But since then, the Supreme Court has recognized an alternative basis for the exception, which is the reduced expectation of privacy. And the government would submit that the fact that the defendant led officers on high-speed chase and crashed his car doesn't somehow restore his expectation of privacy as compared to another individual traveling on the roadway. And he's also just wrong on the idea that there was no risk that any material in the car would have been tampered with. Again, it was crashed on the side of the road, accessible to any passersby, and the windows were down. Anybody could have gotten into the car. What's your position on abandonment of the phone? The government's position is that the phone was abandoned, and that, frankly, that the district court didn't really make a factual finding or at least didn't find standing in this case. The district court's holding as to standing was based on a misapprehension of the law, which was a misapprehension of which was a mistaken. Now, as I read it, it sounded like he was saying, well, he abandoned the phone, but you never abandon the phone's contents, and so you always need a warrant. And it sort of that's how I understood it. But do we have to even decide that? This Court doesn't have to decide it. This Court can affirm on the same grounds that the district court affirmed on, which was the applicability of the inventory search exception, the propriety of the access to the car, and then the fact that the warrants did actually set forth sufficient probable cause to, particularly under the extremely deferential standard that applies to review of probable cause determination by magistrates, that the warrants set forth sufficient probable cause. And that probable cause was robust. The defendant led the officers on a high-speed chase. He fled on foot. And in the affidavit to the search warrant, it does also indicate that the defendant disclaimed the phone. Now, as to abandonment, that's been a big issue, is whether the defendant actually said that he disclaimed the phone. But that is in the affidavit to the search warrant. That is part of the totality of the circumstances that was before the state magistrate judge when the state magistrate found that there was probable cause to support a search of the phone. And that statement was never challenged in the district court, despite the fact that Mr. Geri did challenge whether there was probable cause supporting the search warrant affidavit. He never requested an evidentiary hearing. And so given that that's the undisputed fact in the record and that Mr. Geri had ample incentive and opportunity to dispute it, this Court should accept that denial as part of the totality of circumstances that informs the probable cause determination and could also accept that fact as informing the standing question as well. If this Court has no further questions, I'll submit on the briefs. Thank you. Mr. Tanaka, you have some time remaining. Thank you. The case just argued is submitted, and we appreciate the arguments from both counsel. Thank you.
judges: Schroeder, Graber, Watson